## RICHARD C. DALE v. ROBERT HAMILTON.

Court of Common Pleas. New Castle. May 31, 1804.

*Rodney's Notes.*

*G. Read, Vandyke* [for plaintiff]. *Bayard, Broom* [for defendant].

*G. Read.* We shall attempt to lay before you a case of the most oppressive nature. Declaration read. Damages laid at $3000.

Statement by *Mr. Read.* On December 18, 1801, plaintiff was arrested by John Timmerman on a warrant by Robert Hamilton on the ground of an information that a duel was to be fought in which plaintiff was to have been a second. Stewart and Dale were discharged by Justice Tatlow. Another, Justice [——] [1] called upon him, got the warrant, put it into L's hands; [plaintiff] was arrested in Wilmington at night, but upon calling upon the defendant he made out a new warrant, put it into the Constable of Wilmington's hands. Plaintiff was brought before defendant. He, the plaintiff, refused to give security and was committed to jail where he remained four days.

William Ruth, sworn. Produced the *mittimus,* received plaintiff under it, December 19, detained four days. Record of discharge under *habeas corpus,* etc.

Thomas Jameson, sworn. At court time at New Castle, I mentioned at Mr. Frazer's that Thomas Chatten told me plaintiff was to be a second. Defendant qualified me, and I told him as above. I stated that Chatten was apt to lie. Was examined only once by defendant.

Cross-examined. I objected to the deposition but signed it. Chatten was making clothes for Dr. Dale, said morning clothes or some such thing, was going to be second to a duel, was to have them done that day.

John Timmerman, sworn. I received a warrant to arrest plaintiff by Hamilton's warrant. I arrested him in the court house. Captain Gibbs and Frank Haughey went with him to J. Tatlow, who discharged him because he said the day was past. John Reynolds, Esq., afterwards put the warrant in my hands for me to go and arrest plaintiff at Wilmington. Found him at Tilton's, he said he had been discharged once on that warrant, etc. I went and told defendant, he then issued another, on which about 9 o'clock could find him, and returned the warrant, came home.

Cross-examined. Mr. Reynolds nor Hamilton did not appear to have any other object in view but to prevent the duel. Hunted for Stewart to arrest him but he was in bed sick.

---

[1] Blank in manuscript.

Joseph Tatlow, Esq. On December 18, 1801, Stewart, Gibbs, Dale, Haughey, Tilton, etc. brought Hamilton's warrant of the 15th or 16th. I thought the warrant defective and concluded I had nothing to do with it etc. and discharged them; was no prosecutor indorsed. Gibbs and Haughey were offered as sureties. About four, Justice Reynolds came and got the warrant with Timmerman. If they had come before me, and the day had been stated as of the 19th, and come on the 18th, I should have bound them over, and if they did not comply I should have committed them. I issued one or two warrants in similar cases. I have altered summons in debt.

Richard Moylan, sworn. Defendant gave me the warrant, told me he would be found at Brinton's. I waited till he came in, arrested him and went by Tilton's and after to defendant's. Hamilton told him the representative of Jameson's having made oath that day was a mistake, and took the pen, but don't know whether he altered it or not. Plaintiff, refusing to give security, was committed to me. Plaintiff said he looked upon it as the height of federal persecution and would not give security.

Cross-examined. I did not keep Dale in custody that night. I would have been his surety. He said he did not want it. Defendant said he would take Moylan surety and pressed him to get surety, and was unwilling to commit him if his duty had not compelled him.

Frank Haughey, sworn. I went to be surety for Stewart, and Gibbs as surety for Dale. J. T. discharged after he had taken time to get advice.

Nehem Tilton, sworn. Between 8 and 9 o'clock, and continued till half past nine. I did understand from Dale that a duel was talked of, that Stewart had invited Reynolds to Chester, and that a challenge and perhaps a duel would take place there. We were talking of it at my house when Timmerman knocked at the door.

*Mr. Bayard* for defendant in his opening.

Thomas Stockton, sworn. An invitation I believe was given by Dale for Reynolds to meet Stewart at Chester to dine and there make further arrangements which I considered meant a duel.

*Bayard* read the commission of defendant, also the warrants.

Thomas Witherspoon.

Archibald Hamilton. My father offered to be surety for Dale till he could see Captain Gibbs.

Deposition of Jameson's substantially the same as in preamble of warrant.

*Vandyke* for plaintiff. The action [is] for compensation for a most unjust and outrageous restraint of liberty, without a probable cause of guilt of which his most inveterate enemy could charge him. First, detention. Second, the unlawfulness of it. Shall show first what false imprisonment is. Second, the nature of that power which defendant has exercised. 3 Bl.Comm. 127. 1 Bl.Comm. 136. Importance of the liberty of the subject. Although he be a justice of the peace, he is no longer warranted by his commission than the letter of the law warrants or bears him out. Where he acts judicially, he is not liable for error in judgment; I admit not so in his ministerial capacity which I contend is this case. 2 Hawk.P.C. 136. If he grant a warrant without probable cause, maliciously, and groundlessly, he is liable etc., though no man is liable for an action for what he does as a judge. For a vague, idle, lying suspicion, the justice illegally, unjustly and arbitrarily arrested Dr. Dale. One warrant, the 16th, and warrant of 18th issued on the old oath of the 16th on which plaintiff was arrested. It was the pride of Dale that he could get surety but he spurned it especially on a warrant in which no crime was charged, was confined in the den of thieves.

*Broom* for defendant. Dalt.Just. 20, 264. Construction of commission. May issue warrants and for want of surety commit; may on his own motion and discretion bind to the peace. 1 Del.Laws 240, to prevent duelling, etc; no crime to arrest after sundown. Esp.N.P. 326. College of Physicians having power to fine etc. held judges and not liable for mistake or error. 1 Mod. 119–184. Action will not lie for a wrongful committment, any more than an error of judgment. 2 Mod. 218. Constitution, Art. 1, s. 6. No warrant to issue unless probable cause supported by oath or affirmation.

*Bayard* for defendant. Justice, it will be allowed, has authority to bind where he thinks the peace will be broken. Dalt, Just. 265. Hawk.P.C. If he acts corruptly, action may lay in his ministerial capacity. Dalt.Just. 265. Justice is a judge of record, etc. and is not liable if he arrest a man to find surety, and after let him go. East. 562, 563, 568. If he convict on evidence which turns out not to be true, yet no action will lay.

*G. Read* in conclusion. 2 Hawk.P.C. 136.

PER CURIAM. The justices have a right in all cases to issue their warrants and call parties before them to prevent a breach

of the peace, grounded upon the oath of a person that there was probable cause of a breach of the peace, etc. etc.

Verdict for plaintiff.  Damages, $150.